UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION


JAVIER EMILIO FLORES COLINA,

     Petitioner,

                                    Case No. 1:26-cv-13

v.

                                    Hon. Hala Y. Jarbou

KEVIN RAYCRAFT, et al.,

     Respondents.

_____/

## **ORDER**

     This is a habeas proceeding regarding the detention of a noncitizen without lawful status in this country.  The Court conditionally granted Javier Flores Colina's petition for habeas corpus (ECF Nos. 6, 7); he now moves for attorneys' fees under the Equal Access to Justice Act (EAJA), 28 U.S.C. § 2412(d).  (ECF No. 9.)  Respondents oppose Petitioner's motion.  (ECF No. 11.)  They assert that the United States has not waived sovereign immunity for EAJA claims in immigration habeas proceedings, and that the Government would not be liable anyway because its position in the underlying proceedings was substantially justified.  The Court agrees with the Respondents and **DENIES** Petitioner's motion.

## **BACKGROUND**

     Petitioner is a Venezuelan national who was paroled into the United States for a period of two years upon his arrival at Miami International Airport in January 2024.  (ECF No. 6 at 2.)  Nevertheless, Immigration and Customs Enforcement (ICE) agents arrested Petitioner on December 15, 2025.  (*Id.*)  Petitioner was then detained at ICE's North Lake facility in Baldwin, Michigan, while his removal proceedings were pending.  Under the Immigration and Nationality Act (INA), 8 U.S.C. § 1182(d)(5), the Secretary of Homeland Security may use his discretion to

temporarily parole any alien seeking admission into the United States on a case-by-case basis for urgent humanitarian or public benefit reasons.  Beginning in 2025, immigration authorities began detaining noncitizens whose parole under § 1182 had not yet expired.  Immigration authorities have not always provided an explanation for the cause of arrest or termination of parole prior to the noncitizen being designated for removal proceedings. Some courts have held that termination of § 1182 parole typically requires a case-by-case determination followed by written notice to the noncitizen, but immigration authorities have not strictly adhered to that policy since 2025.  *See Kenzhebaev v. Noem*, 820 F. Supp. 3d 647, 655–56 (W.D. Mich. 2025).

On January 22, 2026, the Court granted the petition and directed Respondents to release Petitioner from custody, subject to any conditions that existed under Petitioner's prior grant of parole.  (ECF Nos. 6, 7.)  On April 22, Petitioner filed a motion for attorneys' fees under the EAJA. (ECF No. 9.)  The matter is fully briefed and ready for decision.

### LEGAL STANDARDS AND ANALYSIS

The EAJA provides in relevant part:

> Except as otherwise specifically provided by statute, a court shall award to a prevailing party other than the United States fees and other expenses . . . incurred by that party *in any civil action* . . . , including proceedings for judicial review of agency action, brought by or against the United States . . ., unless the court finds that the position of the United States was substantially justified or that special circumstances make an award unjust.

28 U.S.C. § 2412(d)(1)(A) (emphasis added); *see also Holman v. Vilsack*, 117 F.4th 906, 911 (6th Cir. 2024) (separating out the requirements of § 2412(d)(1)(A)), *vacated sub nom. Holman v. Rollins*, 146 S. Ct. 985 (2025).  Congress enacted the EAJA to ensure that the Government would not be able to prevent citizens from vindicating their rights simply by threatening them with costly litigation.  *Pierce v. Underwood*, 487 U.S. 552, 575 (1988) (Brennan, J., concurring in part). The Sixth Circuit has identified three conditions which must be met to recover attorneys' fees in civil

2

actions covered under the EAJA: (1) the claimant must be a prevailing party, (2) the Government's position must be without substantial justification, and (3) there must be no special circumstances that warrant denying the request. *See Marshall v. Comm'r of Soc. Sec.*, 444 F.3d 837, 840 (6th Cir. 2006). Before assessing whether Petitioner meets these conditions, however, the Court must determine whether the EAJA waives sovereign immunity for the matter at issue.

### A. Waiver of Sovereign Immunity

The EAJA "waives the Government's immunity for attorneys' fees under specified circumstances." Wright & Miller's Federal Practice and Procedure § 3660.1, Westlaw (database updated May 2026). One of those circumstances is that the fees be incurred "in any civil action." 28 U.S.C. § 2412(d)(1)(A). Respondents contend that because an immigration habeas proceeding does not qualify as a "civil action," the EAJA does not waive sovereign immunity in suits of this type.

"Lower courts are divided on whether a habeas corpus proceeding is a civil action for purposes of the EAJA." Wright & Miller, *supra*, § 3660.1. The Sixth Circuit has not addressed the issue.[1] Other circuits are split on the question. The Tenth and the Third Circuits recently held that the EAJA covers immigration-related habeas proceedings, *see Daley v. Ceja*, 158 F.4th 1152, 1162 (10th Cir. 2025), *cited with approval in Michelin v. Warden Moshannon Valley Corr. Ctr.*, 169 F.4th 418, 432 (3d Cir. 2026), *reh'g en banc denied*, 169 F.4th 160 (3d Cir. 2026).[2] The Fourth and Fifth Circuits have adopted the contrary position, *see Obando-Segura v. Garland*, 999 F.3d 190, 197 (4th Cir. 2021); *Barco v. Witte*, 65 F.4th 782, 785 (5th Cir. 2023). The Second and

---

[1] In an unpublished decision, the Sixth Circuit reversed a grant of attorneys' fees in an immigration-related habeas case, but not because the fees were sought by a prevailing habeas petitioner; rather, the court reversed because the Government's position was substantially justified. *See Dvorkin v. Gonzales*, 173 F. App'x 420, 423–24 (6th Cir. 2006).

[2] Four circuit judges dissented from the denial of en banc review, arguing the panel decision was on "the wrong side of a Circuit split." *See* 169 F.4th at 163.

Ninth Circuits have determined attorneys' fees can be recovered in habeas proceedings challenging detention resulting from immigration proceedings, but not criminal ones. *See In re Hill*, 775 F.2d 1037, 1041 (9th Cir. 1985); *Vacchio v. Ashcroft*, 404 F.3d 663, 672 (2d Cir. 2005).

Despite the divide over whether the EAJA waives sovereign immunity in cases like this, there is unanimity on one point: sovereign immunity can only be deemed waived if a waiver is "unmistakably clear in the language of the statute." *Dep't of Agric. Rural Dev. Rural Hous. Serv. v. Kirtz*, 601 U.S. 42, 49 (2024) (quoting *Kimel v. Fla. Bd. of Regents*, 528 U.S. 62, 73 (2000)). Circuits addressing this issue recite this clear-statement rule regardless of their ultimate conclusion on the sovereign immunity issue, and they all agree it applies not only to the existence of a waiver but also to its scope; "any ambiguities in the scope of a waiver" are construed "in favor of the sovereign." *FAA v. Cooper*, 566 U.S. 284, 291 (2012); *Daley*, 158 F.4th at 1156 (citing *Cooper*); *Michelin*, 169 F.4th at 424 (same); *Obando-Segura*, 999 F.3d at 194 n.4 (same); *Barco*, 65 F.4th at 785 ("We must determine whether a statutory waiver of sovereign immunity . . . unambiguously covers habeas corpus proceedings."). No circuit addressing the issue has expressed disagreement with the Supreme Court's clear-statement rule.

The rule only comes into play if the waiver remains ambiguous after the traditional tools of statutory interpretation have been deployed. *See Cooper*, 566 U.S. at 291 ("What we thus require is that the scope of Congress' waiver be clearly discernable from the statutory text in light of traditional interpretive tools. If it is not, then we take the interpretation most favorable to the Government."). Accordingly, interpretation begins with the statutory text, "giving the words used their ordinary meaning." *Johnson v. Bauman*, 27 F.4th 384, 388 (6th Cir. 2022) (quoting *Artis v. District of Columbia*, 583 U.S. 71, 83 (2018)). But the phrase "any civil action" is obviously a term of legal art, so it must be construed in light of its jurisprudential background. *See* Antonin

Scalia & Bryan A Garner, *Reading Law: The Interpretation of Legal Texts* 324 (2012) (distinguishing between ordinary and technical legal meaning).

Here, each of the circuits to weigh in on the issue have used these traditional tools of statutory interpretation but have reached different conclusions on the correct outcome. That alone is strong evidence that the EAJA waiver for immigration habeas matters is ambiguous, in which case the Government's position against waiver must prevail under the Supreme Court's clear-statement rule. Nor is it surprising that jurists have divided over whether habeas proceedings generally, let alone immigration habeas proceedings specifically, fall into the "civil action" category specified by Congress. The Supreme Court itself has identified habeas matters as "unique." *Harris v. Nelson*, 394 U.S. 286, 294 (1969). No wonder circuits examining the issue have come to different conclusions despite using the same standard interpretive tools. The Court believes that both sides of the circuit split have articulated plausible interpretations of the EAJA using traditional tools of "text, context, case law, and history." *Michelin*, 169 F.4th at 162 (Bove, J., dissenting from denial of rehearing en banc). This Court need not pick a side to conclude that at the very least there "is a real question . . . regarding whether the statutory language covers these habeas petitions." *Id*.[3] That conclusion compels the Court to find that the EAJA does not clearly waive sovereign immunity in proceedings such as this.

Accordingly, Petitioner cannot recover attorneys' fees in this action.

*B.  Merits*

Alternatively, the Court concludes on the merits that Petitioner is not entitled to recover attorneys' fees under the EAJA. *Cf. Kerchen v. Univ. of Mich.*, 100 F.4th 751, 760 (6th Cir. 2024)

---

[3] The Supreme Court has granted certiorari to answer this question. *See Palacios v. Liggins*, No. 25-1223, 2026 WL 1855057 (U.S. June 29, 2026).

("[A] district court [may] choose to dismiss a case based on the merits if the defendants present sovereign immunity as an alternative argument and if the merits present a more expeditious method for dismissing the case entirely." (citing *Nair v. Oakland Cnty. Cmty. Mental Health Auth.*, 443 F.3d 469, 476–77 (6th Cir. 2006))).  Although Petitioner is a prevailing party, the Government's position in this proceeding was substantially justified and accordingly Petitioner cannot obtain attorneys' fees under the EAJA.

        i.   *Prevailing Party*

The first consideration under § 2412(d)(1)(A) is whether Petitioner is a prevailing party for purposes of the EAJA.  The Court may look to other fee shifting statutes and case law for guidance. *Citizens Coal. for Block Grant Compliance, Inc. v. City of Euclid*, 717 F.2d 964, 966 n.2 (6th Cir. 1983) ("The legislative history of section 2412 indicates that Congress intended that 'prevailing party' as used in the Equal Access to Justice Act be read consistently with its use in other fee-shifting statutes.").  The Supreme Court has defined a prevailing party as "one who has been awarded some relief by the court." *Buckhannon Bd. & Care Home, Inc. v. W. Va. Dep't of Health & Hum. Res.*, 532 U.S. 598, 603 (2001).  More recently, the Court has explained that "[a] party 'prevails' when a court conclusively resolves [the] claim by granting enduring relief on the merits that alters the legal relationship between the parties." *Lackey v. Stinnie*, 604 U.S. 192, 207 (2025) (holding that party who obtained preliminary injunctive relief before case was dismissed as moot was not a prevailing party under 42 U.S.C. § 1988(b)).  "[B]oth the change in relationship and its permanence must result from a judicial order." *Id.*

At first glance, it would appear that Petitioner easily qualifies as a prevailing party: the Court determined Petitioner's claim had merit and entered a judgment that conditionally granted the petition for a writ of habeas corpus.  A closer look, though, reveals some complicated issues

that can arise in these unique habeas proceedings, and the answers are not as intuitive as they might be in the typical civil case.  For example, the Court only conditionally granted the petition, which is arguably analogous to a grant of a preliminary injunction.  But according to the Supreme Court in *Lackey,* a grant of a preliminary injunction is not enough, on its own, to satisfy the prevailing party test.  Moreover, the Court did not order Petitioner's unconditional release, only that the Government hold a bond hearing.  Immigration judges can deny bond requests if they determine a noncitizen is dangerous or poses a flight risk.  This happens regularly.

Still, even for those whose custodial status ultimately did not change, the Court's order and judgment conclusively altered the legal relationship between the parties.  The Court determined that Petitioner's detention was unlawful and required the Government to proceed accordingly, either by holding a bond hearing or releasing Petitioner.  The Court is satisfied, therefore, that Petitioner qualifies as a "prevailing party" for purposes of the EAJA.

### ii.    *Substantially Justified*

The next condition that must be met is that the Government's position not be substantially justified.  28 U.S.C. § 2412(d)(1)(A).  The Government bears the burden of showing that its position was substantially justified, and it can do so by demonstrating its position had a reasonable basis both in law and in fact.  *Glenn v. Comm'r of Soc. Sec.*, 763 F.3d 494, 498 (6th Cir. 2014) (quoting *DeLong v. Comm'r of Soc. Sec.*, 748 F.3d 723, 725–26 (6th Cir. 2014)).  The Government opposes Petitioner's request for EAJA fees because it claims its position was substantially justified.  This argument has merit.

The overall determination of whether the Government's position was substantially justified is a question of reasonableness.  *See Pierce v. Underwood*, 487 U.S. 552, 564–65 (1988).  A position is substantially justified if it would satisfy a reasonable person.  *Id.* at 565 (holding that

7

under the EAJA, "substantially justified" means "justified in substance or in the main—that is, justified to a degree that could satisfy a reasonable person"). This standard requires more than that the position not be frivolous, *id.* at 566, but it does not demand that Respondents be entitled to a favorable decision on the merits, *see id.* at 569 ("Conceivably, the Government could take a position that is not substantially justified, yet win; even more likely, it could take a position that is substantially justified, yet lose."). What "matter[s] most" is "the actual merits of the Government's litigating position." *Griffith v. Comm'r of Soc. Sec.*, 987 F.3d 556, 563 (6th Cir. 2021) (quoting *United States ex rel. Wall v. Circle C Constr., LLC*, 868 F.3d 466, 471 (6th Cir. 2017)). The reviewing court must "analyze *why* the government's position failed in court: if, for example, the government lost because it vainly pressed a position 'flatly at odds with the controlling case law,' that is one thing; quite another if the government lost because an unsettled question was resolved unfavorably." *Taucher v. Brown-Hruska*, 396 F3d 1168, 1174 (D.C. Cir. 2005) (Roberts, J.) (quoting *Am. Wrecking Corp. v. Sec'y of Lab.*, 364 F.3d 321, 326–27 (D.C. Cir. 2004)).

The Government's position in this suit was "justified to a degree that could satisfy a reasonable person." *Pierce*, 487 U.S. at 565. Courts are divided about whether the government can categorically revoke or terminate parole under § 1182, or whether it must do so on a case-by-case basis after determining that the purpose for which parole was granted has been accomplished or does not warrant the noncitizen's continued presence in the country. This Court, like other district courts throughout the nation, has repeatedly found that because § 1182 provides that parole may be granted "only on a case-by-case basis for urgent humanitarian reasons or significant public benefit," revocation of parole requires a similar case-by-case analysis. *See, e.g.*, *Kenzhebaev v. Noem*, 820 F. Supp. 3d 647, 656 (W.D. Mich. 2025); *Mata Velasquez v. Kurzdorfer*, 794 F. Supp. 3d 128, 144–45 (W.D.N.Y. 2025); *Noori v. LaRose*, 807 F. Supp. 3d 1146, 1168 (S.D.

8

Cal. 2025); *Munoz Materano v. Artena*, 804 F. Supp. 3d 395, 418 (S.D.N.Y. 2025); *Aldana v. Collins*, 822 F. Supp. 3d 747, 752 (W.D. Tex. 2026).  The First Circuit disagrees, reasoning that Congress's explicitly conditioning the granting of parole on individualized assessments while imposing no similar restrictions on the revocation of parole indicates that the government can, in fact, categorically revoke parole.  *See Doe v. Noem*, 152 F.4th 272, 286 (1st Cir. 2025).  The existence of persuasive authority on both sides of this unsettled issue counsels in favor of finding the government's overall position substantially justified, even if the government's failure to articulate that position in this action weighs against its reasonableness.  *See Glenn v. Comm'r of Soc. Sec.*, 763 F.3d 494, 498-99 (6th Cir. 2014) ("[T]he EAJA—like other fee-shifting statutes—favors treating a case as an inclusive whole, rather than as atomized line-items.").  The Court finds the Government has met its burden of demonstrating its position was substantially justified.

### iii. *Special Circumstances*

Finally, a prevailing party will not be entitled to attorneys' fees under the EAJA if there are "special circumstances that make an award unjust." 28 U.S.C. § 2412(d)(1)(A).  "Among those 'special circumstances' that would justify denying an award of attorney fees are 'equitable considerations [that] dictate an award should not be made." *Sakhawati v. Lynch*, 839 F.3d 476, 478 (6th Cir. 2016) (quoting H.R. Rep. No. 96-1418, at 11 (1980)).  Because the Court has determined that the United States' position was substantially justified, it need not delve into whether there are special circumstances making an award of attorneys' fees unjust.

### CONCLUSION

On the threshold issue of sovereign immunity, the Court determines that immigration habeas proceedings are not covered by the EAJA.  Alternatively, the Court concludes that although Petitioner qualifies as a "prevailing party," the Government's position in this case was

9

substantially justified.  For these reasons, Petitioner's motion for attorneys' fees under the EAJA

(ECF No. 9) is **DENIED.**

**IT IS SO ORDERED.**


Dated: August 11, 2026                         /s/ Hala Y. Jarbou
                                               HALA Y. JARBOU
                                               CHIEF UNITED STATES DISTRICT JUDGE